Good morning. May it please the court and counsel, my name is Keely Hillison and I represent the Supreme Court. I believe the Supreme Court, the Illinois Supreme Court has already addressed the issues raised in this case. The case of Cruz v. Northwestern, Chrysler Plymouth. That was just about costs, wasn't it? Pardon me? Cruz was just about costs. I don't think it was just about costs. Was it about contribution? It was not about contribution. Well. It was not about contribution, but it was an interpretation of the mandatory. What issues did that case resolve in this case? It resolved the interpretation of the mandatory arbitration rules and its application to this case and every other case. If the award is silent as to damages, the court cannot award damages. The court cannot award damages that were not specified in the mandatory arbitration award. In that case that you're citing for that proposition, were any damages awarded? Yes. Right. And in this case, were any damages awarded? No. Right. So to that extent, there's a distinction between that case and this case because if there was a problem with no damages being awarded, then why don't we have a motion to dismiss or motion to strike or some sort of method to eliminate this case when no damages are awarded? Because it is in fact anticipated that no damages would be awarded. It wasn't a matter of damages. It was a matter of liability. And liability was awarded in this case. I don't believe that's correct. The matter of damages was not determined prior to the arbitration. It was not determined as a matter of fact or as a matter of law. I thought that the case had been settled. The case? And the plaintiff had released both Mr. Davis and Mr. Hernandez. That's correct. And wasn't there a settlement amount? There was a settlement amount, which I believe was not. A very precise amount. A very precise amount, which I believe was not presented to the arbitrators. My opponent claims in their brief that it was presented in the 90C package, but if you look at page C205 of the record, which itemizes their 90C exhibits, you'll see that none of those exhibits mentions the amount of the award. If they had entered the figure of $17,500 without hearing any testimony whatsoever on any issue whatsoever with respect to that dollar amount, but they had just in terms, just filled in that amount, would you be here today? If they had written nothing on the award other than a dollar amount? Just put in the amount that they had got from the packet. The packet included the amount, didn't it? The 90C packet? No, it did not. It did not? I thought it did. My opponent claims it did, but as I said, if you look at page C205 of the record, it's his itemized list of the 90C exhibits, and none of those exhibits mentions the amount of the award. You saw what I'm going through. I mean, why is this anything more than a scrivener's error? Well, why is this anything more than what? A scrivener's error. They forgot to put it in. We can't determine if it's a scrivener's error. I don't think the issue was properly before them. The parties had already decided the amount of damages. Right. The parties had not. No. The plaintiff and the settlement did, but that does not mean that the court had found that it was a good faith settlement amount. We were entitled to litigate that amount even if we were found 100% liable. Let me ask you this. Had this been a jury trial and the contribution claim went to the jury,  they would only determine the amount of liability. True? That may be true if the court had made a good faith finding in the settlement, which we don't have in this case. All right. Well, there's a dispute here whether there's a requirement of a good faith finding in this case. Putting that aside, putting aside good faith. In a jury trial, after a jury has, and let's say they came to the amount of damages, which they would do, but the jury is given the contribution instruction and they are told to apportion fault. They are not told to put in the damage amount. That's done by the court after the verdicts are received. That's the procedure that I'm familiar with. Now, correct me if I'm wrong. I'm not sure if that would be done in a case where only the contribution claim is presented. Normally it's presented together with the entire case and the jury, of course, would resolve the issue of damages. That's what I'm suggesting is the hypothetical, that the jury has awarded an amount in damages. They've also considered the contribution action between Davis and Hernandez, and they determined apportionment of fault in a percentage amount. They are not asked to divvy up the money. The court does that at the time of entering judgment on the verdicts. How is this different when there's been a settlement action between the plaintiff and the two defendants, but they have this separate contribution counterclaim? And that's the only issue that the arbitrators are focusing on and only have the right to focus on, because the damages had been determined when the plaintiff and the two defendants settled, and she released both defendants. She released Mr. Hernandez from any future liability. So how is this different where the trial judge would then put the dollar figure in  This is different because it went to arbitration. The arbitrators have to determine the fact that the court or the jury would make. But when a jury determines contribution, they only apportion the percentage of fault as far as the contribution claim is concerned. I disagree. I think there has to be a finding on the matter of damages. All right. Let me ask you this. You say that this is different because it went to arbitration and the case was settled before arbitration, and no amount of the settlement was introduced in the course of the arbitration hearing. What exactly, what steps should have been followed in this case to have avoided the problems that you are highlighting now? How should this have gone forward? No settlement? Are you suggesting that the case should never have been settled? Are you suggesting that there should have been a good faith finding before the arbitration? But then is your position that even with a good faith finding, you would have to introduce the amount that was found to be in good faith? I think the contribution plaintiff should have presented, A, should have presented evidence of the settlement amount, and, B, once they saw that the award contained no award of damages, if they were unhappy with that, they should have rejected it. In other words, what you're suggesting, I think, is that if they had entered evidence of the settlement amount, in other words, just tender the settlement as evidence of what the parties had agreed to, then your client could have contested that. Is that what you're suggesting? We could have contested the arbitration. Okay. And we could have rejected it if it was in the award. Okay. And you would have rejected it outright, which is your right to do, or you would have just simply said, well, what would you have said? We would have rejected it and proceeded to trial on the contribution. And your argument now is that since they didn't put down the dollar figure and left it blank, there was nothing for you to challenge. I don't think they did leave it blank. They said, we find, I think they said 100% liability against my client. There was no mention of dollar damages, money damages in the body of the award, until you get down to the cost and said, no cost. All right. And so we have case law on one side, the Cruz versus Northwestern that you cited, that says, you know, an award cannot be modified, increased, or decreased following an arbitration hearing. And we have on the other side case law that says, you either reject the award or the award stands. So here we have an award that you could have rejected, but you didn't reject. And now you've raised before us a question of law that says, is that award valid when taking into account the full context of this case, or is it no ab initio because there were no dollar figures put in? If we find that, in fact, you know, there is something, there is substance to this award as a question of law, then where does that put you? I guess that puts us back on the petition. All right. But because you could have rejected it, but you chose not to. We chose not to because no damages were awarded. And I think under Cruz, any amount of damages has to be determined. What case says that the arbitrators had the right to determine damages in addition to percentage default? What case says that? No case has specifically addressed that, but I think, again, that comes under the umbrella of Cruz versus Northwestern. What case says that a jury, when given a contribution claim, has the right to determine the amount of damages? What they determine is only the percentage of fault. That's what the contribution statute is all about, determining the amount of fault, percentage of fault. It's not about determining. There's nothing in the Contribution Act that even suggests that the purpose of the statute is to determine that amount of damages. It's to determine. It's to allocate fault when one tortfeasor has paid more than his fair share of the damages. Well, Justice, someone has to make a finding of fact as to what the amount of damages was, whether that's the court or the jury. And I agree. The arbitrator fills that role in both cases. But in this case, there was a determination of damages because there was a settlement determined. In addition to having a trial on the issue of damages, the law allows for settlements. And in this case, there was a settlement which de facto determined the amount of damages the plaintiff was entitled to. She agreed to the amount of damages she was entitled to. That was $17,500. But she didn't have anything to do with the allocation of fault because the two defendants sued each other for that, didn't they? Wasn't there counterclaims? Yes, that's true. But the point is, no one determined the plaintiff. The point is that once they determined 100% fault on behalf of your client, just filling in the figure from the settlement was just a ministerial act, wasn't it? No, I disagree. Why is it more than a ministerial act? Would they have had the option to reduce it? That's my point exactly. Yes. Could they go behind and say that the settlement wasn't valid, that she's only entitled to $10,000? Yes. Okay. I believe that based on 100% fault on behalf of your client, they could have still reduced it. Yes, certainly. Wouldn't they have? They would have to go into court and get the settlement vacated. Both defendants were discharged from any further liability. But there was never any good-faith finding. I don't think they even had a right of cover. Are you now saying that in order to uphold the settlement, there must be a good-faith finding that must be established before the arbitrators, and absent that good-faith finding, which would have to be entered by a judge, there is no award, no valid award? I'm not saying it has to be made by the court before the arbitration, but certainly it has to be made by someone. A judge declined to do that in this case, right? A judge declined to do that. I'm going to ask you to save a couple minutes, and we need to give counsel an opportunity to respond. Okay. Thank you. Good morning. May it please the Court, my name is Michael Progar, representing the appellees in this case, who were the counterplaintiffs or plaintiffs in the contribution action. Let me ask you, Mr. Progar, if you could do this all over again, would you have done it a different way? Is there a reason to do it a different way so that we can avoid the sort of exchanges that we're having that really don't lead us to a clear answer? The short answer is no, Your Honor, and I think that counsel is attempting to make this case about the arbitration procedures when it's really about the policies behind the Contribution Act, and I'd like to address a couple of the matters that were brought up. Well, before you do that, I want you to respond, if you would, to Ms. Hillison's suggestion that absolutely a good faith finding is required. Well, first of all, Your Honor, the case law from the appellate courts throughout the state have mentioned a number of times that there is no specific procedural requirement in the Contribution Act for a good faith finding. But it is required. The procedural mechanism is not defined. But there is a requirement, is there not, for a good faith finding? No, Your Honor. The statute simply says that the settlement must be entered into in good faith. But don't the cases interpret that to mean that there must be a good faith finding? Many of them have, Your Honor. There are one or two that have not. And in this particular case, just a short time after the settlement was entered into, the plaintiff and the defendant who entered into the settlement actually filed a stipulation and order setting forth the terms of the settlement. In other words, for a release, the amount of $17,500 was being paid to release both defendants. So at that point, if he wanted to challenge anything, he could have challenged the release, claiming that the settlement wasn't in good faith, but he did nothing. Well, that's correct, Your Honor. And I won't bore the panel with citations to the case authority because, as you pointed out, Your Honor, there are numerous cases that have addressed the good faith issue. And once there's been a preliminary showing of consideration paid for apparently a good faith settlement, the burden then falls on the defendant to challenge it, and it would have been incumbent at that point for the defendant to challenge it. Now, in fact, at the arbitration, the counter plaintiff, Thomas Davis, testified as to the amount of the settlement. Well, when you say, in fact, we don't have a transcript of the arbitration hearing, I'm not sure that there is a transcript of the arbitration hearing. And, you know, that fact, I'm not sure I could find it in the record before us. So is there in the package a reference to that settlement amount, the 90-seat package that Justice Gaylord referred to? It would have been in the pleading, and I can't recall specifically if that was included in the 90-seat package. But you say that in your brief, I thought. You said it was referred to. I thought you made a representation that the actual dollar figure was included in your package. I believe it was because there was an amended counterclaim filed and then subsequently an additional amended counterclaim filed to add the insurance company as a party plaintiff once the payment had been made. Do you understand the Contribution Act is to, the focus is not the amount of damages, but percentage of fault allocation? Well, yes, Your Honor, and on page 7 of our brief, we cited to IPI civil 600.11, in which the jury is specifically instructed that their sole purpose is to determine the allocation of fault by way of percentages. And isn't it correct that the procedure would be that if there was a contribution claim involved with the jury trial, also determining damages, that the jury would not, in their determination of allocation of fault, ever put in the amount of damages? That would be what the court would enter after a judgment was entered on the verdicts reached by the jury. Is that how you understand the procedure? Well, that's exactly correct, Your Honor, and there are cases from the appellate court in Illinois which specifically state that once the parties have determined the amount of the common liability by way of settlement, which was done in this case and that was apparently not challenged, the only thing left for the arbitration panel to do was to allocate the percentages of fault. Okay, let me ask, when you just mentioned the arbitration panel, because you said that the appellants are seeking to put the But let's say we want to address that situation and we want to clarify the law as to the arbitration proceedings. Are you saying that there are problems in the arbitration rules that might, you know, call into question what happened here? Or are you saying that what happened here was consistent with the procedures already set out for arbitration? It was completely consistent, Your Honor, and the case law says that one of the elements of a contribution claim, which I believe is also contained in the IPI instructions, is that the settling party has to show that the settlement was made in some reasonable anticipation of liability. Now, let me ask you, staying in that, are you saying that the amount of the settlement, assuming it predates the arbitration hearing and it's really just a contest between the co-defendants, so to say, must be included somewhere in the arbitration proceedings or not really? Not really, Your Honor, because of the fact that that element of the cause of action really goes to the fact that the party seeking contribution must be a joint tortfeasor. Now, that doesn't mean that they have to prove their own liability, and the cases are clear on that. So how do we get around the case law that Ms. Hillison was relying on, the first case that she refers to, the Cruz v. Northwestern, that we can't amend or decrease the amount of damages that are awarded in an arbitration hearing? Is that what is happening here? No, Your Honor. The Cruz case was completely distinguishable on the facts. It involved a statutory cause of action, I believe a Lemon Law case, in which the plaintiffs failed to present evidence of a separate claim for attorney's fees and costs available under the statute. And essentially the court said in that case, the Supreme Court has designated the arbitrators as the sole determiners of the law and the facts in the context of mandatory arbitration. It would have been unreasonable for the court to later have to consider the issue of damages. And that's the point I was trying to make. If you take Cruz to its literal extreme, aside from costs, and make it applicable to the substitute award as well, then in any arbitration proceeding the arbitrators can unpack a settlement agreement. Yes, Your Honor. Absolutely. That's basically her position, I think, is that they weren't bound by the 17-5 that had been agreed to in the settlement. That's exactly the point. That's a wonderful opportunity. But they could have rejected the apportionment of fault, couldn't they? Well, they absolutely could have. They didn't do that, though. They accepted the award. They made the apportionment of fault. No, the arbitrators decided 100% fault. Now, they could have rejected that award and said we're rejecting the 100% apportionment, right? The defendants. The defendants. Hernandez. Hernandez. He never contested the apportionment of fault. It was never rejected. He could have done two things. He could have brought a motion, first of all, to correct the award on the ground that the arbitrators did not award damages in the amount of zero or whatever the appropriate figure would have been. That would have then stayed the time for him to file the notice of rejection. And the case law is very clear. The only remedy for somebody who disputes the arbitrator's finding of the award is to reject the award. That wasn't done. Let me ask you this. Why did Judge O'Gara, after the judgment of the award had been ended, why did he initially order? First of all, he ordered that the 100% apportionment stand, 100% negligence stand. But then he ordered that the matter proceed to a trial on proximate cause and medical damages. Why did he do that? And then he transferred it to another judge. And then it was Judge Dunford who decided that there really wasn't any need for an issue on the trial of damages because there had been the settlement, and he also concluded that there didn't have to be a good faith finding. I attribute that to a failure of the parties in the trial court in carefully explaining the procedural aspects of the case to the judge. What he should have been informed of was that the preliminary showing of a good faith settlement had been made and was never contested by the defendant. And I think Judge Dunford later on recognized that by saying that he did not need to hold a hearing to determine a good faith settlement. That had already essentially been done. And up to this point, essentially Hernandez has never raised any issue of fraud, collusion, or other evidence of bad faith to this very day. Can an arbitrator ever go beyond the issue that was sent to the arbitrator? No, Your Honor. The only issue was contribution, was it not? The only issue was the percentage of fault. So they couldn't possibly enter an amount of damages, could they? They could not because that was already of record. But even if it wasn't of record, how could they? This was sent to mandatory arbitration for the limited purpose of determining contribution, wasn't it? That's correct, Your Honor. So how could they possibly decide damages when that was not what was sent to mandatory arbitration? There's no authority to go beyond the order of the arbitration, is there? There is not. And, in fact, the case law says there's a presumption that the arbitrators correctly decided all of the issues that were given them to decide, which in this case was simply the allocation of fault. And I would just briefly point out to the Court that I believe the issue was raised by Judge Cahill before about the ministerial act that was performed in this case in jury trials involving claims for contribution, joint and several liability. It is not uncommon whatsoever for the Court and the attorneys to sit down after the verdict is rendered, do some ______. Fill in the blanks. Well, essentially ______. The Court is the only one that fills in the blanks for contribution as far as I'm aware. I don't remember ever that a jury would, in addition to apportioning the fault, then include the amount of the award in that. The only issue is the percentage of fault. I want to ask you, Mr. Burmark, about one section of the statute that you referred to in your brief. You said Judge Dunford referred to 740 ILS 100-2 and noted that a good faith finding is not necessary where one defendant completely settles all issues with the plaintiff, which is this case here, and all defendants are dismissed. What does that section say? That section does not directly say that, but I think it ______. No, but you sort of suggest that, don't you? Well, the reference really is to an argument that was raised by Hernandez in the lower court, and essentially there were arguments made that allowing the settlement amount to stand would raise an issue of collusion. What happened in this particular case was the settlement discharged all of the defendants. Yes, so what does that section say? You say that that's what Judge Dunford relied on to say that there wasn't a good faith finding necessary here because all defendants were released and one defendant settled for everybody. That section refers to a situation, and this is what we were addressing by the citation, a situation where one of the defendants settles but does not discharge the liability of the co-defendant, in which case the co-defendant would be entitled to a set-off for the amount, assuming that it were a good faith settlement. And there have been some cases in the Illinois Appellate Court that have addressed an issue where a settlement amount was extremely disproportionately low, perhaps because of some relationship between the parties, and there was the possibility of collusion. But in this case, that would not have been a risk and there was no real need for a good faith finding. But Fernandez got stuck with the whole deal, didn't he? Well, he did. He was bound to be 100% involved here. Yes, he was. Mr. Pogar, I think you're going to have to wrap up, but I do have one clarification I need for my purposes. When you were addressing Justice Cahill's reference to ministerial act, your position here isn't that such a ministerial act was required or necessary or an omission that casts any doubt on the validity of the award itself, right? Oh, no, Your Honor. You don't take the position that this was simply something that the arbitrators could do anyway, do you? Would have wanted to do or had before them. No, Your Honor. No, not at all. I'm referring, in effect, to the trial court's entering of judgment. And that's really where it belongs. It belongs in the trial court. Yes, and the case law is very clear that in an arbitration case, essentially the trial court's role is limited to, in effect, ministerial acts, in this case multiplying 100 percent times $17,500. Could you wrap up, please? I think, Your Honor, that as I started to say in the beginning that the case is really about the policies behind the Contribution Act of encouraging the parties to settle. In this case, if Hernandez thought he could make a better deal and then Sue Davis, I mean, he was free to do so. But in this case, the policies were upheld by reaching a quick and prompt settlement. The matter was then transferred to mandatory arbitration. But didn't they, in fact, sue each other? They were each filed a counterclaim against the other, did they not? That's correct, Your Honor. Mr. Hernandez was challenging his apportionment or his amount of fault, and so was Davis. That's correct. And that matter was ordered to go to arbitration, and the arbitrators determined that the apportionment of fault actually rested solely on Mr. Hernandez, 100 percent at fault. That's correct. My statement was simply alluding to the fact that if Mr. Hernandez thought he could make a better deal with the plaintiff and settle for $16,500, he would have been free to do so and then do exactly what Mr. Davis did in this case by maintaining the Contribution Act and arbitration. In any event, the Court, I believe, reviewed this on an abuse of discretion standard, and I would respectfully suggest to the Court that affirming the trial court in this case would assist in maintaining the underlying policy. When you say an abuse of discretion standard, Mr. Pogar, are you saying that the opposite decision could have been made and we'd be reviewing that as well under an abuse of discretion standard? Isn't this really questions of law that need to be resolved in no uncertain terms? I think the only place the abuse of discretion would come into place here was the amount of the settlement, as I'd already argued that in effect determined the current liability. And that's the portion really that would be the one factual issue to which reasonable minds, I think in this case, might differ as to the application of the law. But the others are questions of law that we should? Absolutely, Your Honor. All right. Thank you very much. All right. Thank you. Ms. Hillison, very briefly. And I'm going to take the lead on this point, but basically it's a matter that Justice McBride brought up, and that concerns the limited issue before the arbitrators. It was only a matter of the counterclaim between these two culpable parties. And how can we, in light of that limited issue before the arbitrators, how does the settlement ever come up? Or why should it? On a contribution counterclaim, the amount of damages needs to be addressed at some point. You can't enter a judgment against a party, either the judge or the jury or the arbitrators. Someone has to determine the amount of damages. Why? I mean, let's say the ultimate lawsuit comes after the arbitration, and we have only one culpable party, and the ultimate lawsuit becomes a zero damages case. It doesn't matter that it happens after, and neither defendant gets hurt. Even if you have a going to trial on the contribution claim only, the judge at some point would have to say, okay, I approve the settlement amount, this is a good faith settlement, or not. But isn't that a ministerial act that Justice Cahill referred to? I disagree that it is. I don't think it is a ministerial act. Someone has to make a fact finding. This was a contribution claim that was sent to mandatory arbitration. Now, the arbitrators could not determine damages when that issue was not ordered to go to arbitration. I disagree. The whole contribution counterclaim cross-claims went to arbitration. And do you have authority, you know, do you have a case that says that the arbitrators can go beyond the limited issue before them? This is how I would say it on the authority. Under Cruz, I would compare it to Cruz. And Cruz was Northwestern. He had consumer fraud claims, et cetera. But other than Cruz, do you have any other? Other than Cruz, though? Not off the top of my head, no. There's nothing specifically on this because I don't think it has been addressed. Go ahead. But under Cruz, every claim has to be submitted to arbitration. Under Cruz, under the Consumer Fraud Act, even if that case had gone to jury trial, it still would have been for the trial court to award attorney's fees, which was the claim that the court did award afterwards. So the Supreme Court in Cruz is saying even if it's something that the court would decide after the jury awards. This is in your brief as well, right? Yes, it was. Anything else? Yes. I remind you that there was no good faith finding, and to uphold this judgment on the award would effectively deprive a non-settling defendant of any opportunity to ever contest the amount of damages, whether it settled for $10,000, $200,000, or $2 million. And it would contradict the Contribution Act because there was, in fact, no good faith finding that this was a good faith settlement. And I would remind you that one of the purposes of the Contribution Act is to protect the financial interests of the non-settling. But wouldn't that have been then what your obligation was would be to reject the award that ordered that Hernandez was 100% at fault? Weren't you obligated to reject that award because that finding is what really penalizes Hernandez, is that he was, the arbitrator determined that he was 100% at fault. Didn't you have to object or reject, rather, that finding of fault? That's what the arbitrator was asked to decide. No, I don't think so, where no damages were awarded. If this case had gone to arbitration on the underlying complaint, the tort complaint, and the arbitrators had found in favor of the plaintiff and found my client 100% negligent or 100% liable, but again, the silent is the damages. Why would we reject that? That means that the award, no damages were awarded. The plaintiff would probably want to reject that, but it's no different. The arbitrator has to specify the amount of damages. What was the order that was entered that sent this matter to arbitration? What does it say? You had the burden of putting that into the record. What does the order from the circuit court say when it ordered this to mandatory arbitration? What did it send to arbitration? If you'll give me just a second. The order that sent this to arbitration is a standard form order, which was entered on June 29, 2006. In addition to the standard, Paragraphs 1 through 5 that are typed in, it says all discovery closure date of 776 is stricken. Juan Hernandez is given leave until 7-13 to file his appearance. Jury demand and to otherwise plead as to plaintiff's complaint. Thomas Davis is given leave until 7-13-06 to file his counterclaim against Juan Hernandez. And I don't believe there was any subsequent order. Let me ask you this. This might make it easier. The 90-C packet, did it reference the issue before the arbitrators? Just off the top of your head. And would we find that information there? If the issue is limited before the arbitrators, would we find that in the 90-C packet? Off the top of your head, yes or no? Off the top of my head, the 90-C package is not going to specify the issue. It's going to... It will specify the pleading, and from the pleading we can get the issue? It won't specify the pleading. All right. It won't specify the pleading. All right. So then really it's unknowable is basically what you're saying. All right. Again, at page 205 of the record, you have Thomas Davis' itemized list of 90-C exhibits. It says, one, transcript and deposition of Juan Hernandez. Two, certified copy of Juan Hernandez' plea of guilty. And three, Juan Hernandez' answers to Thomas Davis' request to admit and court order deeming certain additional facts admitted, which have nothing to do with the amount of damages. My point goes to what I thought was established law, that the arbitrators are to address only the narrow issue before them. And if it's a narrow issue before them, presumably they're aware of what that narrow issue is, and they have to be informed of it by some means, and the question is how. And I thought it comes out some way or other. But maybe the parties informed the arbitrators, gentlemen or ladies and gentlemen, were here only to address the counterclaim filed by Mr. Davis against Mr. Hernandez, seeking to apportion a fault arising from this traffic accident. Maybe that's it. I don't think there was any specific order entered limiting the issues before it. That much I concluded. Arbitration. Okay.  And even under the Contribution Act, which must be strictly construed, someone has to make the finding that this was a good faith settlement, and someone has to determine the amount of damages, whether it's the settlement amount or not. Someone has to find, yes, they settled the amount of this amount of damages. Well, we have to hand this to the trial court for the trial court to make a determination of good faith. Is that something that you would agree to? I don't think that's the appropriate disposition because, again, I think it should have been determined by the arbitrators. When they didn't have the issue of damages before. The damages were to be decided. I disagree with that. All right. Okay. I think we understand your position. All right. Thank you very much. Thank you. The case will be taken under advisement.